EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant Cross-Appellee,

v.

BROWN & ROOT, INC., Defendant-Appellee Cross-Appellant.

No. 82–4081
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 1982.

Rehearing and Rehearing En Banc
Denied Nov. 3, 1982.

Justine Susan Lisser, Atty., Washington, D. C., Eugene W. Fuquay, E. E. O. C., Birmingham, Ala., for E. E. O. C.

Henry D. Grandberry, III, M. Curtiss McKee, Jackson, Miss., for Brown & Root, Inc.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Summary judgment is a marvelous tool when used correctly. It can cut to the heart of disputed legal issues and resolve them, so long as the underlying material facts are undisputed. However, summary judgment is completely inappropriate when a law suit turns on a disputed question of material fact. Here, we must reverse because the district court granted summary judgment when there was a disputed issue of material fact that, if resolved in favor of the party against whom the judgment was rendered, might make the outcome completely different.

The following facts are undisputed: Sarah Joan Boyes was employed by Brown & Root as an electrician's helper. Brown & Root is a construction company and Ms. Boyes was assigned to work on an overhead steel beam that was part of a structure being erected at Escatawpa, Mississippi. She became paralyzed by fear and was unable to move, a condition known as "freezing." It was necessary physically to assist her to climb down. Brown & Root discharged Ms. Boyes from her job for the stated reason that she was "not capable of performing assigned work." After she was fired, another female worker was hired to fill the position of electrician's helper.

What . is disputed is whether men who manifested the same acrophobia were also discharged. In opposition to the motion for summary judgment, the Equal Employment

Opportunity Commission offered the affidavit of its investigator. To this were attached copies of statements taken from four male employees, each of whom stated that he or some other worker had at some prior time frozen on the beams, could not get down without help, and was not discharged. One statement referred also to a male worker who was kept on the ground because he was afraid of heights. There was also attached an "EEOC affidavit" from a male employee stating that he had "frozen" and had not been discharged.

■ While neither the pleadings nor the proof in opposition to the motion for summary judgment frame the issue as directly as would be desirable, the disputed issue was not whether Ms. Boyes was unable to work at heights, a fact that was, indeed, undisputed, or whether she was replaced by a male, another fact that was not disputed, but whether, had she been a man, she would have suffered dismissal as a result of her phobia. When an employment discrimination claim contends that a person was discharged from employment because of sex, race, age or some other reprobated reason, a prima facie case of discrimination is made if it is shown that (1) the person was a member of a protected minority; (2) the person was qualified for the job from which discharged; (3) the person was discharged; and (4) after the discharge, their employer filled the position with a nonminority. *Marks v. Prattco, Inc.*, 607 F.2d 1153, 1155 (5th Cir. 1979). This showing, however, is not the only way to establish a prima facie case of discriminatory discharge. *Jones v. Western Geophysical Co.*, 669 F.2d 280, 284 (5th Cir. 1982); *Ramirez v. Sloss*, 615 F.2d 163, 168–69 & n.9 (5th Cir. 1980). Moreover, we are not here concerned with whether a prima facie case was made out. That issue arises only when the plaintiff's case has been fully presented, and the question is whether the case can be dismissed

for want of evidence. The issue presented by this case is whether there was a genuine dispute concerning a material fact. *See* Fed.R.Civ.P. 56(c).

■■ If an employee is discharged under circumstances in which an employee of another sex would not have been discharged, an inference of discrimination arises irrespective of the gender of the employee's replacement. Punitive action against employees for violating work rules must not differentiate on the basis of sex or any of the other criteria reprobated by Title VII. *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 282–283, 96 S.Ct. 2574, 2579–80, 49 L.Ed.2d 493 (1976).[1]

In a number of cases, we have held that employees discharged for violation of work rules can establish a prima facie case of unlawful discrimination by showing simply that they were discharged and that a person who did not belong to a minority was retained "under apparently similar circumstances." *See, Davin v. Delta Airlines, Inc.*, 678 F.2d 567, 570 (5th Cir. 1982); *Rohde v. K. O. Steel Casting, Inc.*, 649 F.2d 317, 322–23 (5th Cir. 1981); *Green v. Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir.), *cert. denied* 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102 (1980); *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1254–55 (5th Cir. 1977). In *Brown v. A. J. Gerrard Mfg. Co.*, 643 F.2d 273, 276 (5th Cir. 1981), we set out a four part test for demonstrating a prima facie case for discriminatory discharge due to unequal imposition of discipline:

(1) That plaintiff was a member of a protected group;

(2) That there was a company policy or practice concerning the activity for which he or she was discharged;

(3) That non-minority employees either were given the benefit of a lenient company practice or were not held to compliance with a strict company policy; and

---

1. Moreover, a showing that Brown & Root, Inc. discharged women unable to work at heights but not similarly qualified men would constitute discrimination under *Welch v. University of Texas*, 659 F.2d 531, 533 n.3 (5th Cir. 1981) and *Harper v. Thiokol Chemical Corp.*, 619 F.2d 489 (5th Cir. 1980). These cases recognize that Title VII prohibits discrimination against subclasses of women. The fact that Ms. Boyes' replacement was female does not prevent a showing of discrimination under this theory.

(4) That the minority employee was disciplined either without the application of a lenient policy, or in conformity with the strict one.

*Id.* at 276. Thus, a disputed issue of material fact remained when the district court granted summary judgment.

Brown & Root seeks to justify the summary judgment by contending that the factual dispute was not raised in affidavits made on personal knowledge as required by Fed.R.Civ.P. 56(e). The argument fails because the district court did not base the dismissal on appellant's failure to present the evidentiary dispute in proper form. Had formal deficiency been the basis, the failing might readily have been remedied.[2]

## II.

The suit was filed by the EEOC. Brown & Root sought to compel joinder of Ms. Boyes. The district court having denied the motion, Brown & Root, as cross-appellant, contends that Rule 19(a)(2), Fed.R.Civ.P. requires joinder of Ms. Boyes as a person who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [her] absence may ... as a practical matter impair or impede [her] ability to protect that interest," and that her absence might leave the defendant "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [her] claimed interest." *Id.* Rule 21, Fed.R. Civ.P. permits the district court to add or drop parties upon motion or its own initiative.

We have consistently held that "the criteria set forth in Rule 19 [Fed.R.Civ.P.] are not to be applied mechanically nor are they to be used to override compelling substantive interests." *Schutten v. Shell Oil Co.,* 421 F.2d 869, 873 (5th Cir. 1970). *Accord, Fernandes v. Limmer,* 663 F.2d 619, 636

(5th Cir. 1981), *petition for cert. dismissed,* —— U.S. ——, 103 S.Ct. 5, 73 L.Ed.2d 1395 (1982). "Determinations of indispensability are bottomed on equitable principles." *Toney v. White,* 476 F.2d 203, 207 (5th Cir. 1973). Both Rule 19(a) and Rule 21 "provide wide discretion for the District Court to order joinder of parties ..." *Moore v. Knowles,* 482 F.2d 1069, 1075 (5th Cir. 1973).

Brown & Root has presented no adequate reason for us to overturn the district court's exercise of its discretion in failing to subject a discharged electrician's helper to the expense of hiring an attorney and to the payment of potential court costs in order to pursue her claim when her charge was already being prosecuted by the federal agency whose function it is to bring exactly such suits. There is certainly no danger of a later suit by Ms. Boyes. Section 706(f)(1) of Title VII, 42 U.S.C. 2000e–5(f)(1), provides that "the Commission may bring a civil action against any respondent." Only if 180 days has passed since the filing of a charge, or if the Commission has been unable to secure a conciliated settlement, and if the EEOC itself has not filed suit, may a charging party bring suit. *Id.* Thus, the statute does not envision duplicative suits on the same Title VII claim. *See EEOC v. Huttig Sash & Door Co.,* 511 F.2d 453, 455 & n.1 (5th Cir. 1975). Brown & Root is, therefore, protected from liability for multiple back pay or other awards because Ms. Boyes cannot now receive the right-to-sue letter that is a procedural prerequisite to a private suit. Section 706(f)(1) expressly allows the aggrieved party to intervene as of right in any action involving her charge filed by the EEOC, but does not require that she do so. *Id.*

Nor is there any reason to question the EEOC's role as the primary enforcer of

---

**2.** We also note that the affidavit submitted in support of the defendant's motion for summary judgment did not comply with Fed.R.Civ.P. 56(e). That affidavit, executed by defendant's counsel, states that the counsel was present at the deposition of an EEOC official and heard the official testify that Ms. Boyes was replaced by another female. With respect to the gender of Ms. Boyes' replacement, this affidavit was most certainly not based on personal knowledge. Rule 56(e) only requires the party opposing a motion for summary judgment to submit affidavits when the original motion is supported by proper affidavits.

individual rights under Title VII. In enacting that legislation, Congress "hoped that recourse to the private lawsuit [would] be the exception and not the rule, and that the vast majority of complaints [would] be handled through the offices of the EEOC ..."[3]

Nothing in recent case law, including *General Telephone Co. v. EEOC,* .446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), suggests that the EEOC is in any way incapable of representing Ms. Boyes' interests. *General Telephone* ruled that the EEOC need not comply with Rule 23, Fed. R.Civ.P., because its suits are expressly permitted by section 706(f)(1) and it sues to further the public interest. 446 U.S. at 326, 100 S.Ct. at 1704, 64 L.Ed.2d at 327. Notwithstanding this public interest, the Commission's suits are also "at the behest of and for the benefit of specific individuals...." *Id.* Additionally, as the magistrate found, once Ms. Boyes filed an affidavit acknowledging and waiving her right to intervene in the action, it was clear that she believed her rights were adequately protected.

■ Brown & Root did not demonstrate any way in which, in the absence of compulsory joinder, Ms. Boyes will be adversely affected. It claimed only that it will somehow be left facing inconsistent obligations, but the apprehension is groundless.

■ For these reasons the judgment denying joinder of Ms. Boyes is AFFIRMED. The summary judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

**3.** This statement is from a section-by-section analysis of the conference committee's version of H.R.1746 that was introduced in the Senate by Senator Williams, chairman of the Senate conferees, 118 Cong.Rec. 7, 168 (1972) and in the House by Mr. Perkins, chairman of the House conferees, 118 Cong.Rec. 7,565 (1972).