762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH J. ABEYTA, PLAINTIFF-APPELLANT,
v.
FORD MOTOR COMPANY, A DELAWARE CORPORATION, DEFENDANT-APPELLEE.
 NO. 83-1847
 United States Court of Appeals, Sixth Circuit.
 4/12/85
 
 ORDER
 BEFORE: CONTIE and MILBURN, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Plaintiff moves this Court to appoint counsel on appeal from the district court's grant of summary judgment for Ford Motor Company (Ford). This case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's informal brief and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Mexican-American, claims that Ford discriminated against him on the basis of race and national origin when it discharged him on May 28, 1981 after he failed to return to work following an extended medical leave. Plaintiff initially sought reinstatement through the United Automobile, Aerospace, and Agricultural Implement Workers of America (U.A.W.) grievance procedure. However, the U.A.W. withdrew the grievance from arbitration by the national umpire on the basis that it lacked merit. Plaintiff filed a complaint with the Michigan Civil Rights Commission and the Equal Employment Opportunity Commission (E.E.O.C.) on February 9, 1982. Both organizations dismissed plaintiff's complaint on the grounds that it was time barred. On September 21, 1982 the E.E.O.C. notified plaintiff of his right to sue within 90 days.
 
 
 3
 On December 17, 1982 plaintiff commenced this action alleging that: 1) his termination was the culmination of several years of racial harassment and discrimination against him and violates Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Civil Rights Act; 2) Ford breached the collective bargaining agreement with the U.A.W. by terminating plaintiff without just cause; and 3) Ford breached its duty to stop employees and supervisors from harassing plaintiff because of his race. The district court granted Ford's motion for summary judgment. It found that plaintiff's Title VII claim was timely filed under Mohasco Corp. v. Silver, 447 U.S. 807 (1980). However, Ford, in its pleadings, had articulated a legitimate, non-discriminatory reason for discharging plaintiff, which plaintiff failed to rebut. Therefore, there was no genuine issue of material fact surrounding plaintiff's discharge. Based on identical reasoning, the court also dismissed the claim filed under the Elliot-Larsen Act. The district court further found that the claim for breach of the collective bargaining agreement was time barred and that the harassment claim lacked substance.
 
 
 4
 The district court did not err in granting summary judgment for Ford on the Title VII claim. The plaintiff in an employment discrimination suit, who contends that he was discriminated against because of race or some other prohibited reason, makes a prima facie case of discrimination if he shows that he is a member of a protected minority; he was qualified for the position from which he was discharged; and that after discharge the employer filled the position with a non-minority. E.E.O.C. v. Brown & Root, Inc., 688 F.2d 338 (5th Cir.), reh'g en banc denied, 692 F.2d 757 (1982). Here, plaintiff is a member of a protected class, but he fails to show that he was qualified for the job or that he was replaced by a non-minority. Assuming arguendo that plaintiff made out a prima facie case of discrimination, the burden shifted to Ford to articulate some legitimate, non-discriminatory reason for discharging plaintiff. McDonnell Douglas Corp. v. Green, 411 U.S. 798, 802 (1973). Ford satisfied its burden by showing that it discharged plaintiff under the terms of the collective bargaining agreement between Ford and the U.A.W. for failure to return from leave or to properly extend the leave. Plaintiff then had the burden of showing that Ford's reason for discharging him was pretextual. Id. at 804. Plaintiff failed to meet his burden. Therefore, summary judgment for Ford was proper.
 
 
 5
 The district court also correctly dismissed plaintiff's pendent claim filed under the Elliot-Larsen Act, M.C.L.A. Sec. 37.2101 et seq. Plaintiff's burden of proof is quite similar to that in a Title VII case, see Schipani v. Ford Motor Company, 102 Mich.App. 606, 302 N.W.2d 307, 312 (1981), and he failed to meet his burden for the reasons previously stated.
 
 
 6
 Plaintiff's claim that Ford breached the collective bargaining agreement with the U.A.W. by discharging plaintiff was also properly dismissed. In order to prevail on a claim for breach of a collective bargaining agreement, the plaintiff must allege and prove that his ischarge violated the agreement and that the union breached its duty of fair representation. Hines v. Anchor Motor Freight, 424 U.S. 554, 570-77 (1976); Vaca v. Sipes, 386 U.S. 171, 186 (1967). Under the facts of this case, the U.A.W. did not breach its duty of fair representation. See Vaca v. Sipes, supra, 386 U.S. at 194. Moreover, plaintiff's action is time-barred under the six month statute of limitations found in section 10(b) of the L.M.R.A., 29 U.S.C. Sec. 160. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983); Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Plaintiff's action, filed nine months after the U.A.W. notified him of the reasons for the withdrawal of his grievance from arbitration, was clearly not filed within the six-month period found within section 10(b). Therefore, summary judgment was appropriate.
 
 
 7
 Finally, plaintiff offered no support for his harassment claim, and it was properly dismissed.
 
 
 8
 Accordingly, it is ORDERED that plaintiff's motion for counsel is denied. It is also% ordered/ that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).