_____

No. 95-2093

_____

International Brotherhood of       *
Teamsters, Chauffeurs,             *
Warehousemen, and Helpers of       *
America, Local 878,                *
                                   *  Appeal from the United States
     Plaintiff - Appellee,         *  District Court for the
                                   *  Eastern District of Arkansas.
     v.                            *
                                   *
Commercial Warehouse Company,      *
                                   *
     Defendant - Appellant.        *

_____

               Submitted:  January 10, 1996

                  Filed:  May 24, 1996

_____

Before LOKEN, REAVLEY,[*] and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

     Teamsters Local 878 (the "Union") brought this action under § 301 of
the Labor Management Relations Act, 29 U.S.C. § 185, to enforce an
arbitrator's award in favor of Charles Keller against his former employer,
Commercial Warehouse Company ("CWC").  The arbitrator found that CWC had
just cause to discharge Keller but awarded three months back pay for CWC's
failure to follow proper discharge and grievance procedures.  CWC appeals
the district court's[1] decisions to enforce the arbitrator's award and to
deny CWC's motion to join Keller in the lawsuit.  We affirm.

_____

     *The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge
     for the Fifth Circuit, sitting by designation.

     [1] The HONORABLE HENRY WOODS, United States District Judge for
the Eastern District of Arkansas.

On September 26, 1992, Keller suffered an on-the-job accident that damaged CWC property, his second such accident in eight months. Keller was suspended pending a drug test. CWC learned on October 2 that he had tested positive for cocaine metabolites and immediately informed Keller that he would be discharged. Article 5 of the Collective Bargaining Agreement ("CBA") between CWC and the Union provided:

> [CWC] shall not discharge or take any other disciplinary action as respects any employee without just cause . . . . No [written] warning needs to be given to an employee prior to discharge if the cause of such discharge is . . . [being] under the influence of . . . drugs while on duty . . . . Discharge must be by proper written notice.

On October 8, the Union wrote CWC, asking that Keller be reinstated and requesting the chain of custody for the urine sample that had tested positive for cocaine. CWC responded with a written notice of termination to Keller and a letter to the Union that neither disclosed the chain of custody nor specified the reason for the discharge. On October 16, CWC and the Union submitted Keller's grievance to arbitration. Despite repeated Union inquiries, not until the January 1993 arbitration hearing did CWC disclose the chain of custody documentation and clarify that Keller was fired because of the drug test rather than the property damage.

Following the hearing, the arbitrator upheld Keller's discharge, finding sufficient evidence of a dischargeable drug offense despite Keller's evidence of two later negative drug tests. However, the arbitrator also found that CWC had violated the CBA because "[t]he Company was needlessly resistant and uncooperative in facing up to its duty to cooperate with the Union in processing the grievance and arbitration." CWC's "procedural irregularities" "impeded the proper preparation of [Keller's] case up to the very

day of the arbitration hearing."  Therefore, the arbitrator awarded Keller back pay from the date of discharge to January 15, 1993, when the arbitration hearing began.  The Union sued to enforce that award, and CWC moved to join a claim against Keller for the property damage resulting from the accident.  CWC now appeals the district court's adverse rulings.

## II.

Federal labor law favors resolving disputes arising under a collective bargaining agreement through arbitration.  To promote this policy, federal courts defer to an arbitrator's interpretation of the agreement so long as the arbitrator has not ignored its plain language.  See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36-38 (1987).  Thus, the scope of our review of the arbitrator's back pay award is limited to determining whether that award "draws its essence" from the CBA.  International Woodworkers v. Weyerhaeuser Co., 7 F.3d 133, 135 (8th Cir. 1993) (quotation omitted), cert. denied, 114 S. Ct. 2135 (1994).

The arbitrator construed Article 5 of the CBA as requiring notice to the Union of CWC's reasons for discharge and cooperation with the Union in processing the resulting grievance through arbitration.  The arbitrator found a breach of these duties.  This decision was clearly within his power to resolve the discharge grievance before him.  A grievance is expressly defined in the CBA as a dispute "about the meaning, application, or compliance with the provisions of this Agreement," and we have long recognized that "just cause" discipline provisions "may imply procedural as well as substantive requirements."  Chauffeurs Local Union No. 878 v. Coca-Cola Bottling Co., 613 F.2d 716, 719 (8th Cir.), cert. denied, 446 U.S. 988 (1980).

Although CWC suggests that the arbitrator erred in finding that CWC breached contractual duties to cooperate with the Union --

-3-

a contention we reject as totally without merit -- CWC primarily argues that the arbitrator lacked authority to award Keller back pay for CWC's "procedural irregularities."  First, CWC argues that the award is not compensatory and therefore violates the rule that punitive awards must be expressly authorized by the CBA.  See International Ass'n of Heat & Frost Insulators, Local 34 v. General Pipe Covering, Inc., 792 F.2d 96, 100 (8th Cir. 1986).  However, this was not a punitive award -- the arbitrator compensated Keller because CWC's breach of the CBA "impeded the proper preparation of [Keller's] case up to the very day of the arbitration hearing."

When a party's procedural recalcitrance unjustifiably increases the costs of litigation, federal courts may award an aggrieved party the reasonable expenses thereby incurred, whether or not those expenses were in fact paid by the aggrieved party's attorneys, or even an absent stakeholder.  See Fed. R. Civ. P. 37(a)(4), (b)(2).  Likewise, in this arbitration under the federal labor laws, it was appropriate to award such monetary relief in favor of the grievant, Keller, even if the Union as Keller's representative in the grievance and arbitration process incurred the increased costs resulting from CWC's recalcitrance.  Moreover, to the extent CWC's "procedural irregularities" delayed the arbitration process, Keller's work status remained in limbo.  CWC does not contend that back pay from the date of Keller's discharge to the arbitration hearing was an unreasonable approximation of the real -- albeit hard to measure and rather limited -- damages caused by CWC's breach of its procedural obligations under the CBA.  We conclude that the arbitrator made a legitimate attempt to fashion a compensatory remedy that must therefore be enforced.

CWC also contends that the award should not be enforced because the arbitrator improperly reduced CWC's discipline for Keller's violation of a "well-defined and dominant public policy" against on-the-job drug abuse. Union Pacific R.R. Co. v. United Transp. Union, 3 F.3d 255, 261 (8th Cir. 1993), cert. denied, 114

-4-

S. Ct. 881 (1994). We disagree.  The arbitrator did not order Keller reinstated nor suggest that discharge was an inappropriate sanction for drug-impaired operation of CWC's equipment.  Thus, CWC's reliance on <u>St. Louis Theatrical Co. v. St. Louis Theatrical Bhd. Local 6</u>, 715 F.2d 405 (8th Cir. 1983), is misplaced because the arbitrator did not exceed his authority by second-guessing CWC's decision that Keller's drug abuse warranted discharge.  Rather, the arbitrator awarded limited compensation for CWC's separate procedural violations of the CBA, not the sort of retrospective approval of Keller's conduct that would violate the nation's public policy against on-the-job drug abuse.  <u>See</u> <u>Exxon Corp. v. Baton Rouge Oil & Chem. Workers Union</u>, 77 F.3d 850, 856 (5th Cir. 1996).  The award must be enforced.

## III.

CWC also appeals the denial of its motion to join Keller in the lawsuit so that CWC could assert its property damage claim against him. Joinder of an additional party is mandatory only in the circumstances described in Fed. R. Civ. P. 19(a).  Neither subpart of that Rule is applicable here.  Failure to join Keller does not prevent complete relief between the Union and CWC on the Union's suit to enforce the arbitrator's award.  <u>See</u> <u>Gwartz v. Jefferson Memorial Hosp. Ass'n</u>, 23 F.3d 1426, 1428 (8th Cir. 1994) (the focus of Rule 19(a)(1) "is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person").  And Keller's absence neither impairs his ability to protect his interests nor exposes CWC to the risk of multiple or inconsistent obligations.  <u>See</u> Rule 19(a)(2).

Because Keller's joinder was not mandatory, the district court did not abuse its discretion in denying the motion to join.  Although CWC's property damage claim may well be subject to arbitration under the CBA, the agreement did not require CWC to present this claim in the Union's arbitration on behalf of Keller,

-5-

and the arbitrator's award did not affect the property damage claim.[2]  In these circumstances, the fact that CWC would belatedly like to link these potentially offsetting claims does not override the federal labor policy favoring expeditious enforcement of valid arbitration awards.  CWC's joinder motion was properly denied.

The judgment of the district court is affirmed.  The Union's request for attorney's fees for a bad faith appeal is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We reject the Union's contention that CWC has waived or is collaterally estopped to pursue its claim against Keller for damaging CWC property.  The property damage claim was not a defense to the Union's arbitration claim, CWC did not present this claim to the arbitrator, and property damage issues were not decided.  Nor did CWC withhold information relevant to the fashioning of an appropriate remedy for the Union's grievance, as the employer did in United Food & Commercial Workers Local 100A v. John Hofmeister & Son, Inc., 950 F.2d 1340, 1344-45 (7th Cir. 1991).

-6-