**James L. HARRISON and David Houston d/b/a Clear Lake Rescue, Plaintiffs/Counter-defendants,**

v.

**S/V WANDERER, In Rem; and Jesse Duncan and Captron Entertainment, Inc., In Personam, Defendants/Counter-plaintiffs.**

No. Civ.A.H–97–1732.

United States District Court, S.D. Texas, Houston Division.

Aug. 26, 1998.

James T. Brown, Legge Farrow Kimmitt and McGrath, Houston, TX, for plaintiffs.

Charles F. Herd, Jr., Rice Fowler, Houston, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

ATLAS, District Judge.

This case, based on a salvage contract, is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 49] filed by Defendant Captron Entertainment, Inc. ("Captron").[1] Captron argues that the contract contained a "No Cure, No Pay" provision which precludes recovery by Plain-

---

1. By prior order, Defendant Jesse Duncan's Motion to Dismiss, treated as a Motion for Summary Judgment, was granted. The vessel *in rem* and Captron *in personam* are the only remaining defendants.

tiff Clear Lake Rescue ("CLR") because CLR did not successfully complete the salvage operation. Alternatively, Captron argues that the contract was not one for salvage because the vessel S/V WANDERER (the "WANDERER") was not *in extremis*. Captron also argues that it would be inequitable to permit CLR to recover under the contract because CLR caused any *in extremis* condition which may have existed.

The Court has carefully reviewed the entire record and applicable legal authorities. The Court notes that it previously ruled on the issue of whether the contract was one for salvage. The Court also finds that genuine issues of material fact exist that require the Court to deny Captron's Motion for Partial Summary Judgment on both theories it raises.

The factual background is fully set forth in the Court's Order entered April 3, 1998, and will not be restated here.

## I. *SUMMARY JUDGMENT STANDARD*

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Sanders v. Casa View Baptist Church*, 134 F.3d 331, 334 (5th Cir.1998); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. *Boze v. Branstetter*, 912 F.2d 801, 804 (5th Cir.1990).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. If the movant meets this initial burden, the burden shifts to the non-movant to demonstrate with "significant probative evidence" that there is an issue of material fact so as to warrant a trial. *See Texas Manufactured Housing Ass'n v. Nederland*, 101 F.3d 1095, 1099 (5th Cir.

1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997); *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 161 (5th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 586, 136 L.Ed.2d 515 (1996).

"Summary judgment is a marvelous tool when used correctly. It can cut to the heart of disputed legal issues and resolve them, so long as the underlying material facts are undisputed. However, summary judgment is completely inappropriate when a law suit turns of a disputed question of material fact." *Equal Employment Opportunity Comm. v. Brown & Root, Inc.*, 688 F.2d 338, 339 (5th Cir.1982). *See also Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 765 (5th Cir.1996) (summary judgment inappropriate where genuine issue of material fact exists).

## II. *LEGAL ANALYSIS*

### A. *Success of the Salvage Operation*

■ It is undisputed that the contract contained a "No Cure, No Pay" provision. Salvage Contract, Exh. 2 to Motion, at ¶ 5. When this provision is present in a salvage contract, the salvage fee is "payable only if the salvage [is] successfully accomplished." *Fredelos v. Merritt–Chapman & Scott Corp.*, 447 F.2d 435, 437 (5th Cir.1971). Captron's representative on the vessel, Jesse Duncan, testified in deposition that he understood this provision to mean that if CLR did not "pull [the WANDERER] off," there would be no obligation to pay CLR for its services. Duncan Depo., Exh. 3 to Response to Motion for Partial Summary Judgment [Doc. # 53], at 209. Captron argues that CLR did not succeed in completing the salvage operation because it was required to obtain assistance from Sackett Rescue, a service similar to CLR also doing business in Galveston Bay.

Pursuant to long-established Fifth Circuit authority, "it is not necessary that [the vessel] be saved solely by the efforts of the one seeking the award." *West Coast Shipping v. The Ferry Chuchequero*, 582 F.2d 959, 960 (5th Cir.1978). Additionally, the salvage contract provides for "subcontractors retained by Salvor to perform services in the recovery

or delivery of the vessel." Salvage Contract, Exh. 2 to Motion, ¶ 8.

■ In this case, there is a genuine issue of material fact regarding the level of success achieved by CLR prior to the arrival of Sackett Rescue. Captron's position is that CLR's efforts worsened the situation. CLR's evidence indicates that the salvage operation was near completion when Sackett Rescue arrived. There is also a genuine issue of material fact regarding the extent of Sackett Rescue's assistance. Captron has presented evidence that Sackett Rescue took over the operation upon its arrival and completed the rescue without CLR's active participation. CLR's evidence is that Sackett Rescue provided approximately three or four minutes of assistance, with only one minute spent pulling the WANDERER the remaining ten feet into deeper water.

Summary judgment is therefore not appropriate in this case, where there are material facts in dispute as to CLR's entitlement to recovery on the salvage contract.

### B. *In Extremis Condition*

■ Captron argues that the WANDERER was not *in extremis* and, as a result, the contract could not have been one for salvage. In the Memorandum and Order entered April 3, 1998 [Doc. # 33], the Court discussed the level of distress or danger necessary for a salvage situation under Fifth Circuit precedent. Salvage services are "designed to relieve [the vessel] from some distress or danger either present or to be reasonably apprehended." *The Kennebec*, 231 F. 423, 425 (5th Cir.1916). "It is not necessary that there be danger immediately impending, but if the vessel is stranded so that it is subject to the potential danger of damage or destruction she may well be a subject of salvage services." *Fort Myers Shell and Dredging Co. v. Barge NBC 512*, 404 F.2d 137, 139 (5th Cir.1968).

In the April Order, the Court discussed the WANDERER's situation on the reef and concluded from documentary and other undisputed evidence that the service provided by CLR was for salvage, not for towage.

### C. *CLR's Responsibility for the WANDERER's Situation*

■ Captron argues that it would be inequitable to permit CLR to recover under the contract because CLR's negligence caused the WANDERER's peril. It is undisputed, however, that the WANDERER was grounded on the reef in Galveston Bay and its master contacted CLR for assistance. The vessel was already in distress when CLR arrived because it was unable to remove itself from the reef. The evidence regarding any negligence by CLR which increased the peril is disputed and summary judgment cannot be granted.

### III. *CONCLUSION AND ORDER*

The Court previously held that the contract involved in this case is one for salvage. There are genuine issues of material fact regarding whether CLR's services were so inadequate that the "No Cure, No Pay" provision precludes recovery and whether CLR's negligence increased the peril to the WANDERER such that it would be inequitable to permit CLR to recover under the contract. Accordingly, it is

**ORDERED** that Captron Entertainment, Inc.'s Motion for Partial Summary Judgment [Doc. # 49] is **DENIED**.

The parties are reminded that they are ordered by the Court to mediate in good faith prior to the docket call currently scheduled for 4:00 p.m. on September 11, 1998.