**UNITED STATES of America, Plaintiff**

**v.**

**Joseph L. WATSON, Defendant.**

**No. H–98–1002.**

United States District Court,
S.D. Texas,
Houston Division.

Aug. 9, 1999.

Waymon G. BuBose, Dept. of Justice, Dallas, TX, for plaintiff.

Jon M. Wagner, Racusin and Wagner, Houston, TX, for defendant.

## *MEMORANDUM AND ORDER*

ATLAS, District Judge.

This tax collection case is before the Court on cross-motions for summary judgment. Defendant James Watson filed a Motion for Partial Summary Judgment and Alternative Motion to Dismiss [Doc. #18] ("Defendant's Motion"), to which Plaintiff United States of America filed a Response in opposition ("Plaintiff's Response") [Doc. #20]. Plaintiff United States of America, Internal Revenue Service ("IRS"), filed a Cross–Motion for Partial Summary Judgment ("Plaintiff's Cross–Motion") [Doc. #19], to which Defendant filed a Response in opposition ("Defendant's Response") [Doc. #21]. The Court has thoroughly reviewed these pleadings, as well as all other matters of record in this case. Based on this review, and the application of relevant legal authorities, the Court concludes that a genuine issue of material fact precludes summary judgment.[1] The court denies Defendant's Motion and Plaintiff's Cross–Motion.

---

1. Because the parties have presented and relied upon matters outside the pleadings the Court reviews Watson's alternative motion to dismiss as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. 12(b).

## I.  BACKGROUND

The United States filed this tax collection suit seeking to reduce to judgment its prior assessments against Defendant Joseph Watson ("Watson").  In Count I, the United States seeks judgment for Watson's delinquent 1987 federal income taxes (Form 1040) and interest thereon.  On May 1, 1999, the Court entered an Agreed Judgment [Doc. #17] against Watson on Count I.

In Count II of the complaint, the United States seeks a judgment against Watson under 26 U.S.C. § 6672 as the "responsible person" for the employment tax liability of J.L. Watson Company, Inc. (the "Company").[2]  The cross-motions currently before the Court concern only this remaining claim, the § 6672 claim to recover the trust fund penalty, plus interest and additions as provided by law.

### A.  Factual Background

While in operation, the Company incurred certain employment tax liabilities, including the income taxes and social security contributions for its employees.  Although the taxes and the employees' social security contributions were withheld from the employees' paychecks, the tax liabilities were not paid.  The Company's failure to remit employee income taxes and social security contributions gave rise to the imposition of a "6672 penalty" against Watson under 26 U.S.C. § 6672.

On August 25, 1985, the Company filed a Chapter 11 petition, Case No. 85–05238–H1–4, in the United States Bankruptcy Court for the Southern District of Texas.  On July 28, 1988, the United States filed an amended "Proof of Claim for Internal Revenue Taxes" ("Proof of Claim").  Proof of Claim, Exh. F to Defendant's Motion.  The Proof of Claim stated that the "tax due" for the tax period ending June 30, 1984 was $77,707.52 as of August 29, 1985, the date the Company filed its Chapter 11 petition.

On October 11, 1985, Watson filed a Chapter 11 petition, Case No. 85–06402–H3–5, in the Bankruptcy Court for the Southern District of Texas.  Watson's Chapter 11 bankruptcy case was later converted to n Chapter 7 liquidation.  On March 25, 1987, Watson received a discharge of dischargeable debts.

On April 11, 1988, the IRS assessed against Watson a penalty of $854,442.36 pursuant to 26 U.S.C. § 6672 for willfully failing to collect, truthfully account for, and pay over to the United States, employment taxes for the second, third, and fourth quarters of 1984, and the second and third quarters of 1985.  On June 6, 1988 and July 18, 1988, two additional assessments of interest were made against Watson on the trust fund recovery penalty, with the total obligation rising to $877,646.66.  Notices of the assessments and demands for payment were mailed to Watson on or about the date of these assess-

---

**2.**  The Internal Revenue Code ("IRC") requires that certain employers withhold federal income and social security taxes from the wages of their employees and remit the amounts withheld on a quarterly basis.  26 U.S.C. §§ 3102(a), 3402(a).  Prior to the time they are remitted, the withheld taxes constitute a special fund held by the employer "in trust" for the government.  See 26 U.S.C. § 7501(a).

Section 6672 provides that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall ... be liable for a penalty equal to the total amount of the tax ... not collected, or not accounted for and paid over."  26 U.S.C. § 6672(a).  The penalty is imposed on the "responsible person," that is, the person who (1) was responsible for either collecting, truthfully accounting for, or paying over such taxes, and (2) willfully failed to do so.  See Barnett v. Internal Revenue Service, 988 F.2d 1449, 1453 (5th Cir.), cert. denied, 510 U.S. 990, 114 S.Ct. 546, 126 L.Ed.2d 448 (1993); Raba v. United States, 977 F.2d 941, 943 (5th Cir.1992).  Watson was the President, Secretary, shareholder, director and Incorporator of the Company.  He does not dispute that he was the "responsible person" for purposes of collecting, accounting for, and paying the Company's employment taxes.

ments, but Watson has not paid the assessments.

## B. *Procedural Background and Summary of Arguments*

On April 7, 1998, the IRS filed this lawsuit. At a conference, the parties indicated that a statute of limitations issue was potentially dispositive. Based on the discussions at this conference, the Court suggested that the parties file cross-motions for summary judgment.

The parties each moved for summary judgment on the United States' claim for the "trust fund recovery penalty," imposed under § 6672, in the amount of $1,906,256.99 plus interest and other lawful additions to tax accruing thereafter. Watson alleges that no assessment was made for the first quarter of 1985, and the United States agrees.

Watson argues that the entire assessment pertains to only the September 1985 tax quarter rather than the multiple tax periods alleged in the Complaint. The United States maintains that the assessment amount was based on five tax periods as indicated from the documents submitted as summary judgment evidence. As discussed below, Watson's evidence fails to raise a genuine issue of material fact that the assessments relate only to one tax quarter rather than to five tax quarters (the second, third, and fourth quarters of 1984, and the second and third quarters of 1985).

Watson contends that the statute of limitations bars this tax collection suit. The United States argues that neither the assessments nor this collection suit is time-barred. For the reasons stated herein, the Court concludes that the application of governing legal authority to the undisputed evidence establishes that the assessments and the collection suit were timely filed.

Watson argues that, even if the assessment includes all five quarters and even if the collection suit is not time-barred, the § 6672 assessment amount is incorrect. Watson presents evidence that the Proof of Claim filed in the Company's bankruptcy proceeding reflected that the tax due for the second quarter of 1984 was $77,707.52, approximately $110,000 less that the United States now claims for that quarter. Watson also argues that the United States' inability to locate the supporting documentation for the assessments is fatal to this collection case. The United States maintains that the assessment is accurate. The United States alleges that the Proof of Claim was "significantly understated" and argues that its documentary evidence is adequate to establish the amount due. The Court concludes that Watson has presented sufficient evidence to raise a genuine issue of material fact on his claim that the assessment for the second quarter of 1984 is erroneous, for the reasons discussed below.

The Cross–Motions, which have been fully briefed by the parties, are ripe for decision.

## II. *THE SUMMARY JUDGMENT STANDARD*

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Sanders v. Casa View Baptist Church,* 134 F.3d 331, 334 (5th Cir.), *cert. denied,* 525 U.S. 868, 119 S.Ct. 161, 142 L.Ed.2d 132 (1998); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) *(en banc ).* The facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. *See Boze v. Branstetter,* 912 F.2d 801, 804 (5th Cir.1990).

The party moving for summary judgment has the initial burden of demonstrat-

ing the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. If the movant meets this initial burden, the burden shifts to the nonmovant to demonstrate with "significant probative evidence" that there is an issue of material fact so as to warrant a trial. *See Texas Manufactured Housing Ass'n v. Nederland,* 101 F.3d 1095, 1099 (5th Cir.1996), *cert. denied,* 521 U.S. 1112, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997).

"Summary judgment is a marvelous tool when used correctly. It can cut to the heart of disputed legal issues and resolve them, so long as the underlying material facts are undisputed. However, summary judgment is completely inappropriate when a law suit turns on a disputed question of material fact." *Equal Employment Opportunity Comm. v. Brown & Root, Inc.,* 688 F.2d 338, 339 (5th Cir.1982). *See also Rizzo v. Children's World Learning Centers, Inc.,* 84 F.3d 758, 765 (5th Cir. 1996) (summary judgment inappropriate where genuine issue of material fact exists).

### III. *DISCUSSION*

#### A. *Tax Quarters to Which the Assessment Applies*

Watson argues that the IRS's assessment applies only to the third quarter of 1985, rather than the five tax quarters during 1984 and 1985 referred to by the United States. Watson asserts that the only documents demonstrating that the penalty was assessed for periods other than the third quarter of 1985 are the Complaint in this case, which erroneously includes the first quarter of 1985, and the "Certificate of Assessments and Payments," which is dated after the tax collection suit began.[3] To establish that the entire penalty assessment was based on one tax period, Watson also refers to the

"Notices of Federal Tax Liens," which list only "09/30/85."

■ The Court rejects Watson's argument to the extent it relies on the Notices of Federal Tax Lien. The documents reflect clearly on their face that the "09/30/85" date represents the date on which the "tax period ended." Notices of Federal Tax Lien, Exhs. B and C to Defendant's Motion. The full tax period for which the United States imposed assessments, a period including multiple tax quarters, ended on September 30, 1985. Watson cites no legal requirement that the Notice of Federal Tax Lien must list separately the assessment for each quarter.

Additionally, the evidence submitted by the United States demonstrates that Watson was assessed for five tax quarters. Suse Dodson, a revenue officer for the IRS for 16 years, states that the IRS conducted valid tax assessments against Watson for five tax quarters. *See* Declaration of Suse Dodson, attached as an Exhibit to Plaintiff's Cross–Motion, ¶¶ 4, 6. The IRS also offers copies of the recommendations for the 100% penalty assessment. *See* Exhs. 7–10 to Plaintiff's Motion. These documents refer to five tax periods and five separate assessments, and further demonstrate that the assessment was for each of the five tax periods referenced by the United States.

The Court finds that Watson has failed to raise a genuine fact question in connection with his allegation that the assessment was based on one single tax period. The Court holds that the assessments were for five tax quarters during 1984 and 1985.

#### B. *Statute of Limitations*

The statute of limitations for an assessment is generally three years from the date a return is filed. *See* 26 U.S.C. § 6501(a). In the case of employment tax-

---

3. Watson objects to documents recently submitted by the United States which were not previously produced. The Court finds that both parties currently have all the available

documentation, and that the delayed disclosure does not unfairly prejudice Watson. The Court overrules Watson's objection and admits the IRS's belatedly produced documents.

es, the statute of limitations for all calendar quarters in a given year commences on April 15 of the following year, even though four separate returns may be due. 26 U.S.C. § 6501(b)(2); Treas. Reg. § 301.6501(b)–1(b).

In this case, the earliest tax period for which Watson was assessed a § 6672 penalty was the second quarter of 1984. The statute of limitations on the assessment for this quarter would commence on April 15 of the following year, April 15, 1985. The § 6672 penalty against Watson was assessed on April 11, 1988, within the three-year limitations period.

Under Section 6502(a)(1), the statute of limitations for a tax collection suit is ten years from the date of the assessment. The IRS filed its tax collection suit on April 7, 1998, less than ten years after the April 11, 1988 assessment. Thus, neither the assessment nor this tax collection suit is barred by the applicable statute of limitations.

## C. *Accuracy of Assessment*

■ Watson challenges the amount of the § 6672 assessment and argues that the assessment is incorrect, whether for all of the quarters the government alleges or for only the third quarter of 1985.[4] First, Watson asserts that the $854,442.36 assessment is incorrect because it is greater than the total employment tax deposit liability of the corporation listed on the Proof of Claim filed in the Company's bankruptcy proceeding. Watson also contends that the assessment amount is flawed because the IRS cannot produce the originals or copies of the tax returns used to prepare the assessment.

## 1. Burdens of Proof

■ It is a well-settled principle that the government's deficiency assessment is generally afforded a presumption of correctness. *See United States v. Janis*, 428 U.S. 433, 440–42, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976); *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935). A properly executed "IRS Certificate of Assessments and Payments" referring to the tax periods for which liability is assessed is sufficient "to invoke the 'presumption of validity' as to that assessment." *Stallard v. United States*, 12 F.3d 489, 495 (5th Cir.1994); *United States v. McCallum*, 970 F.2d 66, 70 (5th Cir.1992).

■ In order to overcome this presumption, a taxpayer defending a collection suit must establish by a preponderance of the evidence that the government's assessment was arbitrary or erroneous. *Janis*, 428 U.S. at 440, 96 S.Ct. 3021; *Portillo v. Commissioner of Internal Revenue*, 932 F.2d 1128, 1132 (5th Cir.1991); *Carson v. United States*, 560 F.2d 693, 695–96 (5th Cir.1977). "[P]roof that an assessment is utterly without foundation is proof that it is arbitrary and erroneous." *Janis*, 428 U.S. at 442, 96 S.Ct. 3021; *see also Carson*, 560 F.2d at 696.

■ Once the taxpayer presents evidence that the assessment is arbitrary or incorrect, the burden shifts to the government to establish the amount of deficiency owed. *See Portillo*, 932 F.2d at 1133; *Bar*

---

4. The United States, in addition to its substantive responses, argues that Watson failed to plead that the assessment was incorrect as an affirmative defense in the original response and is now barred from raising it. Watson, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure, stated in his answer to the Complaint that he lacked sufficient knowledge or information to form a belief as to the truth of the averments regarding the penalty assessment. Defendant's Original Response, [Doc. # 9] ("Original Response"), ¶ 6. This averment operates as a denial. Fed. R.Civ.P. 8(b); *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 737 (1st Cir.1983).

Furthermore, during the second Pre–Trial Conference on March 19, 1999, Watson's counsel stated in open court that the issues in the case were the statute of limitations and verification of the correct amount of the assessment. The IRS cannot claim undue surprise, and the Court finds that Watson may challenge the accuracy of the assessment.

*L. Ranch, Inc. v. Phinney*, 426 F.2d 995, 998 (5th Cir.1970).

## 2. Analysis

Watson presents uncontroverted evidence that the IRS filed an amended Proof of Claim in the Company's bankruptcy proceedings in which the IRS represented that the amount of tax due for the second quarter of 1984 was $77,707.52 as of the date the bankruptcy petition was filed on August 29, 1985. Watson notes that the United States does not have the tax returns or other supporting documentation used to calculate the tax due for purposes of the Proof of Claim or for purposes of the penalty assessment. Watson does not, however, present similar evidence to raise a fact question regarding the accuracy of the remaining four quarters.

The IRS concedes, as it must, that the Proof of Claim stated a "tax due" significantly lower than the amount the IRS now seeks to recover from Watson for the second quarter of 1984. The IRS's only argument is an unadorned contention that the Proof of Claim is "significantly understated" and that the tax due for the second quarter of 1984 should have been stated as $187,012.21 on the Proof of Claim, instead of $77,707.52. As noted by Watson and conceded by the United States, the underlying documentation to support either calculation is missing.[5]

The Court concludes that Watson's evidence regarding the Proof of Claim, together with the absence of documentation to support the United States' current calculation as the correct calculation rather than the tax due amount listed in the earlier-filed Proof of Claim, raises a genuine issue of material fact regarding his claim that the assessment for the second quarter of 1984 was erroneous and arbitrary. The United States is not entitled to summary judgment on this limited issue. At trial, Watson will have the initial burden to prove by a preponderance of the evidence that the assessment for the second quarter of 1984 was arbitrary and erroneous. If Watson satisfies this burden, the United States will have the burden to establish the correct amount of the tax liability, including the proper application of deposits and payments made by or on behalf of the Company for the second quarter of 1984.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court concludes that genuine issues of material fact preclude summary judgment on the accuracy of the assessment for the second quarter of 1984, but that summary judgment on all other issues raised by Watson is appropriate. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Partial Summary Judgment and Alternative Motion to Dismiss [Doc. # 18] and Plaintiff's Cross–Motion for Partial Summary Judgment [Doc. # 19] are **DENIED in part and GRANTED in part,** as set forth in this Memorandum and Order. The case remains scheduled for docket call on December 10, 1999, unless the parties advise the Court before that date that the case has been settled.

---

5. The United States argues that the report of an interview with Watson on April 16, 1985 demonstrates that Watson knew and agreed with the amounts of the liability in question. The Report of Interview, attached as Exhibit 10 to Plaintiff's Cross–Motion, does not support the United States' argument that Watson admitted the accuracy of the assessment amount. The Report of Interview is not relevant to the issue of the accuracy of the penalty assessment or any other disputed matter in this case.