Rachelle EVANS, Plaintiff,

v.

John E. POTTER, Postmaster
General, Defendant.

No. CIV. 02–4041.

United States District Court,
D. South Dakota,
Southern Division.

March 25, 2003.

Thomas W. Clayton, Sioux Falls, SD, for Plaintiff.

Bonnie Ulrich, U.S. Attorney's Office, Sioux Falls, SD, for Defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

Pending before the Court is Defendant's Motion for Joinder under Rule 19(a) of the Federal Rules of Civil Procedure. The Defendant seeks an order requiring the Plaintiff to join two individuals as parties in this action. The Plaintiff has resisted the Defendant's motion. Prior to ruling on the motion, the Court requested updated information from the Defendant regarding the status of administrative actions filed by the parties sought to be joined. The Defendant complied with the Court's order and informed the Court that the absent parties' actions are still pending before the administrative agency. For the reasons stated below, the motion is granted.

## BACKGROUND

The Plaintiff, Rachelle Evans, instituted this action against Postmaster General John Potter claiming that she was discriminated against because of her age when she was not promoted to the position of schemes and schedules clerk. The Plaintiff had been employed at the United States Postal Service for nineteen years and had previously held the position of schemes and schedules clerk. On November 24, 2002, the Defendant announced that the position was open for applications and the Plaintiff applied, as did five other United States Postal Service employees. The Plaintiff was not selected to fill the position. The Defendant chose to hire Stephanie Foster, a woman seven years younger than the Plaintiff.

In bringing this action under the Age Discrimination in Employment Act (ADEA), the Plaintiff seeks back pay, front pay, compensatory damages and attorney fees and costs. In her prayer for relief, the Plaintiff does not seek the position of schemes and schedules clerk.

Two of the other applicants that were not chosen to fill the position have also filed claims against the Defendant. Both James Olinger and John Overland filed claims with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination. According to his EEOC complaint of discrimination, Olinger is requesting that he be awarded a position comparable to that of the schemes and schedules clerk with respect to duties, work hours, vacation time, and compensation, and he is also requesting back pay. Overland seeks that all of those involved in the decision not to hire him be fired. He also requests $100,000 in punitive damages. Pursuant to 29 C.F.R. §§ 1614.407 and 1614.502, Olinger and Overland have the right to file a claim in United States District Court if they do not prevail before the agency, but the Defendant is bound by the agency decision and cannot seek further review.

The Defendant has brought this joinder motion seeking to have both Olinger and Overland joined as defendants in this action. The Defendant argues that such joinder is proper under Fed. R. Civ. P 19(a) which provides for the joinder of necessary parties when litigating the action absent those parties may subject persons already parties to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## DISCUSSION

■ Rule 19 governs when joinder of a particular party is mandatory. *Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 878 v. Commercial Warehouse Co.*, 84 F.3d 299, 302 (8th Cir.1996). "A court must first determine whether a [person] should be joined if 'feasible' under Rule 19(a), i.e., whether a person is 'necessary.' ˙If the person is not necessary, then the case must go forward without him and there is no need to make a Rule 19(b) inquiry." *Gwartz v. Jefferson Memorial Hosp. Ass'n.*, 23 F.3d 1426, 1428 (8th Cir.1994) (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles. Inc.*, 11 F.3d 399, 404 (3rd Cir.1993)). Under Rule 19(a) a party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a)(1). Here, the Defendant argues that joinder of Overland and Olinger in the instant action is necessary pursuant to Fed.R.Civ.P. 19(a)(2)(ii).

The Defendant contends that if the Plaintiff prevails in her lawsuit and either Overland or Olinger prevail before the EEOC, the Defendant would be subject to an inconsistent obligation. There is only one job at issue, and three individuals bringing discrimination claims regarding that one job. The Defendant argues that there cannot be multiple remedies under the ADEA when there is only one job at issue.

The Defendant cites to *Bremer v. St. Louis Southwestern R.R. Co.*, 310 F.Supp. 1333 (D.C.Mo.1969), to support his argument that joinder is mandatory in this case. In *Bremer*, the plaintiff brought an action under Title VII alleging sex discrimination in hiring and requesting that she be awarded the position that she was denied because of the alleged discrimination. *Id.* at 1339. The court found that joinder of the person currently holding the position was proper under Rule 19(a) because that individual had a right to the position under the collective bargaining agreement and the Railway Labor Act. *Id.* at 1340. Absent joinder of the person holding the position, the defendant could have been subject to the inconsistent obligations of hav-ing to award the position to the plaintiff and also having to retain the current employee in the position. *Id.*

*Bremer* is not directly on point with the instant case because in *Bremer* two individuals both claimed rights to the job at issue. Here the three individuals are all alleging discrimination with respect to same position, but all three are not actually seeking to be instated to the position. As stated above, the Plaintiff seeks compensatory damages as well as front pay and back pay, but not that she be instated to the position. Olinger requests to be assigned to a position comparable to that of the schemes and schedules clerk and that he be awarded back pay. Overland seeks termination of those involved in the hiring decision and punitive damages. Therefore, the only party arguably seeking the position is Olinger. This is not a case in which the Defendant will be saddled with competing legal obligations to instate more than one person to a single job.

The Defendant argues, however, that given the limited nature of the recovery under the ADEA, multiple awards would be inconsistent even if the Defendant were not forced to promote all three claimants to the same job. The Defendant's argument is premised on the fact that compensatory damages are not available under the ADEA and thus there cannot be three awards of damages. The Defendant further contends that in such a case there can only be one award of back pay and/or front pay. The Defendant argues

that this ADEA case stands in contrast to a Title VII case in which each of the individuals discriminated against could recover a general compensatory damages award. The Court agrees.

■ Compensatory damages for pain and suffering are not available under the ADEA. *See Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 810 (8th Cir.1982); *see also Farley v. Nationwide Mutual Insurance Co.*, 197 F.3d 1322, 1332 (11th Cir.1999). The 1991 amendments which allowed for compensatory and punitive damages in Title VII and ADA cases do not mention the ADEA. *See* 42 U.S.C. § 1981a; *see also Villescas v. Abraham*, 311 F.3d 1253, 1260 (10th Cir.2002)(recognizing that when Congress enacted the Civil Rights Act of 1991, it conspicuously failed to include the ADEA in the list of acts for which compensatory damages are available). Furthermore, the Court finds that the *Eighth Circuit Manual of Model Jury Instructions* supports this conclusion. Section 5.12 of the manual supplies the model instruction for damages in ADEA cases and limits such damages to lost wages and fringe benefits, essentially back pay. *See Eighth Circuit Manual of Model Jury Instructions*, § 5.12 (2001). In comparison, the model instruction on damages in Title VII cases provides for general compensatory damages in the nature of emotional pain and suffering. *See id.*, § 5.02. Therefore, the Court finds that compensatory damages, other than back pay, are not available under the ADEA.

■ Given that general compensatory damages are not available under the ADEA and that this case presents a failure to promote claim, the Court finds that joinder of Olinger and Overland is necessary. This is not a situation in which all three of the claimants were terminated from their positions because of age discrimination. In such a case, each claimant would have a separate claim for back pay and either reinstatement or front pay with respect to the particular job he/she lost because of age discrimination. Rather, as stated above, this case presents an issue in which three individuals are bringing claims in two different forums regarding promotion to a single position. Absent the

alleged discrimination, only one of the individuals could have received the promotion.

When discussing a situation involving multiple candidates for a single promotion, the Court of Appeals for the Seventh Circuit hypothesized as follows:

Suppose there were five applicants for one job, the employer discriminated against four, all four were equally well qualified, and the fifth got the job. Would all four of the discriminated against applicants be entitled to back pay, one to the job, and the other three to front pay? Obviously not.

*See Doll v. Brown,* 75 F.3d 1200, 1206 (7th Cir.1996). In a subsequent opinion, the Seventh Circuit endorsed an approach in which the plaintiffs were awarded back pay and/or front pay proportionally based upon the chances that each respective plaintiff would have been awarded the promotion absent the discrimination. *See Bishop v. Gainer,* 272 F.3d 1009, 1017 (7th Cir.2001). The court patterned the approach after the lost-chance theory of tort law. *Id.* at 1016.

In the instant case, only one of the three claimants could have been awarded the promotion at issue. Obviously all three cannot recover awards for back pay and/or front pay. *See Bishop,* 272 F.3d at 1017. Although all three may have been adversely affected by the alleged discrimination and endured emotional pain and suffering as a result, such damages are not recoverable under the ADEA. *See Fiedler,* 670 F.2d at 810. Clearly all of the claimants would need to be before the Court in a single action if the Court were to attempt to determine their respective chances of securing the promotion absent the discrimination and award damages accordingly. Allowing more than one of the claimants to recover a full damages award with respect to the single position would subject the Defendant to inconsistent obligations, and given the fact that all three claimants have actions pending against the Defendant, such a risk of inconsistent obligations is substantial. *See* Fed.R.Civ.P. 19(a)(2)(ii)(requiring "a substantial risk" of inconsistent or multiple obligations before joinder is necessary).

In resistance to the Defendant's joinder motion, the Plaintiff relies on *E.E.O.C. v. Brown & Root, Inc.,* 688 F.2d 338 (5th Cir. 1982). In *Brown & Root, Inc.,* the Fifth Circuit found that the employee who had alleged discrimination was not a necessary party under Rule 19(a) to the action brought by the EEOC on her behalf against the employer. *Id.* at 341. The court recognized that the employee had not received the necessary right-to-sue letter since the EEOC had chosen to prosecute her action. *Id.* Therefore, although the employee had a right to intervene in the EEOC action, she had no right to bring a private suit against the employer. *Id.* Under such circumstances, the employer was protected from liability for multiple claims arising out the action it took against the employee. *Id.* Here, the Defendant enjoys no such protection against multiple findings of liability.

As stated above, there is only one job at issue, and multiple parties claiming that they were denied the job because of age discrimination. Absent such alleged discrimination, only one of those parties could have obtained the promotion. This is clearly not a case in which the plaintiff and the absent party represent the same, unitary interest like in *Brown & Root, Inc.* Here the Plaintiff and the two absent parties all make individual claims to the same job. In such a case, the Defendant is subject to potentially competing obligations unless the absent parties are joined in the action.

█ The Court finds that joinder of Olinger and Overland is feasible in this case. The ADEA claim raised in this case arises from a federal statute and thus presents a federal question. Therefore, subject-matter jurisdiction can be maintained without regard to whether there is diversity among the parties. Both of the parties reside in the state of South Dakota, and thus both can be served with process. Furthermore, joinder in this case presents no issues with respect to improper venue. Olinger and Overland both reside in the Southern Division of the District of South Dakota. Therefore, the Court concludes that since both Olinger and Overland are necessary parties and joinder of them is feasible, the Plaintiff must be given an opportunity to join them as parties in this action. *See* 7 Wright, Miller & Kane, Feder-

al Practice and Procedure: Civil 3d, § 1604, p. 66 (2001)("Once it has been decided that a person whose joinder is feasible should be brought into the action, the claimant should be given a reasonable opportunity to add that person."). Accordingly,

IT IS ORDERED:

(1) that Defendant's Motion for Joinder Under Rule 19(a) of the Fed.R.Civ.P., Doc. 8, is granted;

(2) that Plaintiff has 30 days from the date of this order to join James Olinger and John Overland as parties in this action.